# Exhibit 1

*March 19, 2018 Dismissal on Recommendation
that was filed by the Bronx County District Attorney's Office
in People v. Calvin Buari, Indictment No. 2111-1993,
New York State Supreme Court, County of Bronx*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX: CRIMINAL DIVISION: Part T 92.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
THE PEOPLE OF THE STATE OF NEW YORK,

                Respondent,

- against -    DISMISSAL ON RECOMMENDATION
Indictment No. 2111/93

CALVIN BUARI,

                Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Felicity Lung an attorney duly admitted to practice before the Courts of this State, affirms under penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules as follows:

1. I am an Assistant District Attorney in the office of Darcel D. Clark, District Attorney of Bronx County. I am currently assigned to the Homicide Bureau.

2. I make this Dismissal on Recommendation based upon my review of the files of this matter maintained by the District Attorney of Bronx County, which I believe to be true and accurate, and upon my investigation of this case.

3. On December 5, 1995, a judgment was rendered in Supreme Court, Bronx County (Cerbone, J.), convicting defendant, after a jury trial, of two counts of Murder in the Second Degree (New York Penal Law § 125.25 [1]), and sentencing him to consecutive indeterminate terms of imprisonment of from twenty-five years to life. This conviction was based on eye-witness testimony from Jerry Connor, Dwight Robinson, Kenya Holder, Brian Johnson, Lamont Seabrook, and Kintu Effort stating that, around 9:30 p.m. on September 10, 1992, the defendant murdered Alijah and Salahadin Harris by shooting them at 213th Street and Bronxwood Avenue.

4. On December 12, 2000, the Appellate Division granted defendant's motion for

poor person relief and assigned the Office of the Appellate Defender as counsel on appeal. In motion papers dated June 26, 2003, and supplemented on January 23, 2004 defendant, through counsel, Brian W. Stull, Esq., then of the Office of the Appellate Defender, moved, pursuant to New York Criminal Procedure Law ("CPL") § 440.10 to vacate the judgment, alleging (among other claims) that Dwight Robinson, who had identified defendant as the shooter at trial, had recanted that testimony and had confessed that he, rather than defendant, had shot and killed the Harris brothers. Attached to defendant's motion were affidavits from Robinson and Kintu Effort, in which they both recanted their trial testimony that defendant had shot and killed the Harris brothers. In papers dated August 12, 2004, the People opposed defendant's supplemental affirmation and obtained affidavits from Robinson and Effort in which they stated that the affidavits they had submitted on defendant's behalf were false and were obtained because of threatening events that caused them to fear for their lives and safety and that their trial testimony (that defendant was the shooter) was true and accurate. Since the conflicting affidavits presented factual questions that could best be resolved at a hearing, respondent consented to a hearing solely to resolve the factual issues relating to defendant's "newly discovered evidence" claim.

5. Subsequently, a hearing was held in the Supreme Court, Bronx County (Massaro, J.) on the newly discovered evidence claim. After the hearing, defendant submitted written memoranda of law and respondent submitted a letter in response.1

6. Based on the testimony that was elicited at the hearing, the court found, *inter alia*, that Robinson and Effort had testified truthfully at trial that defendant had shot and killed the Harris brothers. The court further found that Robinson and Effort had been threatened and

---

[1]The hearing was subsequently reopened and Effort testified on defendant's behalf. Despite his latest affidavit stating that defendant had coerced him to recant, Effort once again recanted his trial testimony that defendant had shot and killed the Harris brothers.

coerced by defendant to recant their trial testimony and, as such, the court denied defendant's motion to vacate the judgment on that ground. The court also rejected defendant's additional claims. *See People v. Buari*, 11 Misc.3d 1077 (A) (Sup. Ct. Bronx. Co., April 10, 2006). On August 17, 2006, Associate Justice Eugene Nardelli of the Appellate Division had granted defendant permission to appeal the denial of his CPL § 440.10 motion. That appeal and defendant's direct appeal were consolidated.

7. On April 22, 2008, the Appellate Division affirmed defendant's judgment of conviction. *See People v. Buari*, 50 A.D.3d 483 (1st Dept. 2008). The Court rejected defendant's claim of newly discovered evidence, *i.e.*, that Dwight Robinson, rather than defendant had committed the murders, because "after a thorough hearing, the court properly found that the alleged new evidence, consisting essentially of unreliable recantations and confessions that were themselves recanted, and extremely remote evidence of third party-culpability, did not justify vacating the judgment." *Buari*, 50 A.D.3d at 484. The Court further found that "the hearing evidence supports the conclusion that [defendant] coerced one of the People's witnesses into confessing to the crimes of which [defendant] was convicted" and there was no reason to believe that anyone but defendant committed the murders. *Id.* The Court rejected the defendant's other claims.

8. On August 18, 2008, the Honorable Carmen Beauchamp Ciparick, an Associate Judge of the New York Court of Appeals, denied defendant's application for leave to appeal to that Court. *See People v. Buari*, 11 N.Y.3d 735 (2008).

9. On November 16, 2009, the defendant, represented by Robert J. Boyle, Esq., filed a petition for federal habeas corpus claiming, *inter alia* that the state court's refusal to grant

defendant a new trial based upon Dwight Robinson's confession and Kintu Effort's recantation denied defendant due process of law.

10. On November 17, 2010, Judge Victor Marrero denied the petition for habeas corpus, and refused to grant defendant a certificate of appealability. *See Buari v. Kirkpatrick*, 753 F.Supp.2d 282 (S.D.N.Y. 2010).

11. On October 15, 2015, defendant, represented by current counsel, brought a second motion pursuant to CPL Art. 440, stating that he is actually innocent of the murder of the Harris brothers, and asserting that Dwight Robinson shot them. The motion included a letter from Dwight Robinson stating, obliquely, that he had shot the Harris brothers.

12. During my investigation of the case, I spoke to Mr. Robinson, who denied that he had written that letter on several occasions. To corroborate that denial, our office enlisted a handwriting expert from the New York Police Department to determine whether Mr. Robinson had written that letter. The expert concluded with a high degree of confidence that Mr. Robinson had written the letter.

13. At hearing conducted by now-retired Justice Eugene Oliver, the defendant called two sisters, Kimberlia Clark and Nakia Clark, who testified that they lived at the scene of the shooting and had witnesses Dwight Robinson fire the fatal shots. Defendant testified that, at the time of the shooting, he was some two-hundred feet down the block, lighting a woman's cigarette. He also called Caroline Brown, who corroborated his testimony, saying she had borrowed defendant's lighter when the shots rang out.

14. On May 5, 2017, Justice Oliver, orally granted the defendants motion to vacate judgment, finding the defense witnesses credible, and adjourning the case for trial. On November 9, 2017, Justice Oliver filed a written opinion memorializing his findings. Our Office

filed a notice of appeal from both oral and the written orders, but now the Office has determined that it would be against the public interest to perfect the appeal, as Justice Oliver decision is primarily a credibility determination.

15. After the People's investigation it is the position that the People will be unable to meet their burden at trial beyond a reasonable doubt. The District Attorney has thoughtfully weighed multiple factors, including Justice Oliver's decision, the ensuing impracticality of an appeal, resources of the Courts, witness recantations, the burden of proof at trial, the period of incarceration defendant has served, the victims' family, as well as community concerns and public's trust in the criminal justice system.

WHEREFORE, based upon the above the People respectfully request that the indictment be dismissed.

Dated: Bronx, New York
       March 19, 2018

Felicity Lung
Assistant District Attorney