18 Civ.12299 (ER)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CALVIN BUARI,

                                                    Plaintiff,

        -against-

THE CITY OF NEW YORK, New York City Police Department Detectives ANDREW DIETZ, FNU TRACY, VINCENT PRICE, EUGENE GOTTWIN, JOSEPH NEENAN, CHRISTINE FORTUNE; Bronx County District Attorney's Office Investigators JOHN WALL, FNU SCHIFFMAN, FRANK VIGGIANO; Bronx County District Attorney's Office Assistant District Attorneys ALLEN KAREN, FELICITY LUNG, PETER CODDINGTON, GINA MIGNOLA; and "JOHN and/or JANE DOES" #1-10 who are currently unknown members of the New York City Police Department; and "RICHARD and/or RACHEL ROES #1-10" who are currently unknown members of the Bronx County District Attorney's Office, all of whom are being sued in their individual capacities,

                                                    Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants*
   *100 Church Street*
   *New York, N.Y.  10007*

   *Of Counsel: Alan H. Scheiner*
                *Frank A. DeLuccia*
   *Tel:  (212) 356-2344/5054*
   *Matter No.:  2017-060931*

<mark>
<mark>
<mark>
<mark>
<mark>
<mark>

<mark>
<mark>
<mark>
<mark>
<mark>

<mark>

<mark>

<mark>
<mark>
<mark>
<mark>

<mark>

<mark>
<mark>

<mark>

<mark>
<mark>

<mark>

<mark>
<mark>

<mark>

<mark>
<mark>

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

PRELIMINARY STATEMENT .......................................................................................... 1

ARGUMENT

    POINT I

        THERE ARE NO GROUNDS TO STRIKE OR DISREGARD DEFENDANTS' STATEMENT OF FACTS ...................... 1

    POINT II

        PLAINTIFF FAILS TO ESTABLISH A REASON TO DENY THE BCDAO DEFENDANTS ABSOLUTE IMMUNITY ...................................................................................... 2

    POINT III

        PLAINTIFF ESTABLISHES NO REASON TO ALLOW HIS CLAIMS FOR MALICIOUS PROSECUTION TO PROCEED ................................................................................... 4

    POINT IV

        PLAINTIFF PROVIDES NO REASOIN WHY HIS CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL SHOULD NOT BE DISMISSED .................................................. 7

    POINT V

        PLAINTIFF OFFERS NO REASON WHY HIS CONSPIRACY CLAIM SHOULD NOT BE DISMISSED ....................... 8

    POINT VI

        PLAINTIFF FAILS TO OFFER A REASON WHY HIS MUNICIPAL LIABILITY CLAIMS SHOULD NOT BE DISMISSED ............................................................................. 8

**Page**

POINT VII

    PLAINTIFF FAILS TO ESTABLISH WHY DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY ..................................................................................................10

CONCLUSION ............................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                                                                             **Pages**

*Aguirre v. City of New York*,
   2017 U.S. Dist. LEXIS 155422 (E.D.N.Y. Sep. 22, 2017)......................................................9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)....................................................................................................1, 4, 5

*Blue v. City of New York*,
   2018 U.S. Dist. LEXIS 93509 (S.D.N.Y. June 4, 2018)............................................................8

*Bond v. City of N.Y.*,
   No. 14-CV-2431 (RRM) (VVP), 2015 U.S. Dist. LEXIS 130922
   (E.D.N.Y. Sep. 28, 2015).....................................................................................................6

*Breton v. City of New York*,
   404 F. Supp. 3d 799 (S.D.N.Y. 2019)........................................................................9

*Chambers v. Time Warner, Inc.*,
   282 F. 3d 147 (2d. Cir. 2002)..................................................................................2

*Collazo v. City of N.Y.*,
   2017 U.S. Dist. LEXIS 192737 (S.D.N.Y. Nov. 20, 2017) ......................................................6

*Collins v. City of New York*,
   923 F. Supp. 2d 462 (E.D.N.Y. 2013) .............................................................................9, 10

*Curley v. Vill. of Suffern*,
   268 F.3d 65 (2d Cir. 2001)...........................................................................................6

*Debrosse v. City of New York*,
   739 F. App'x 48 (2d Cir. 2018) .................................................................................7

*Demosthene v. City of New York*,
   No. 18 Civ. 1358 (ARR)(PK), 2019 U.S. Dist. LEXIS 4901
   (E.D.N.Y. Jan. 10, 2019) .....................................................................................6

Giglio v. United States,
   405 U.S. 150 (1972) ..........................................................................................7

*Hadid v. City of New York*,
   730 F. App'x 68 (2d Cir. 2018) ..................................................................................5

*Imbler v. Pachtman*,
   424 U.S. 409 (1976)..........................................................................................3

**Cases**                                                                                                          **Pages**

*Reid v. City of New York*,
   00 Civ. 5164, 2004 U.S. Dist. LEXIS 5030 (S.D.N.Y. Mar. 29, 2004) ...................................6

*Safran Elecs. & Def. SAS v. iXblue SAS*,
   789 Fed. Appx. 266 (2d. Cir. 2019)........................................................................................2

*Warney v. County of Monroe*,
   587 F.3d 113 (2d Cir. 2009)....................................................................................................3

*Weaver v. City of New York*,
   No. 13—CV—20 (CBA) (SMG), 2014 U.S. Dist. LEXIS 32036, 2014 WL
   950041 (E.D.N.Y. Mar. 11, 2014) ..........................................................................................2

**Statutes**

Fed. R. Civ. P. 12(b)(6)....................................................................................................................1, 7

§ 440................................................................................................................................................2, 3, 6

Section 1983..........................................................................................................................................9

**PRELIMINARY STATEMENT**

Defendants submit this memorandum of law in further support of their motion to dismiss plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

Plaintiff's opposition ignores the central flaw in the FAC that is fatal to all of plaintiff's claims: the FAC fails to allege facts supporting a plausible inference that any defendant knew that when they elicited or presented inculpatory testimony from witnesses that the testimony was in fact false. This alleged knowing suborning of perjury is the central assumption of all of plaintiff's claims and is a required element for such claims. But it remains only a conclusory assumption insufficient to support a plausible claim under the *Iqbal* standard.[2]

**ARGUMENT**

**POINT I**

**THERE ARE NO GROUNDS TO STRIKE OR DISREGARD DEFENDANTS' STATEMENT OF FACTS**

Plaintiff's request in his Memorandum of Law in Opposition to Defendants' Motion to Dismiss (ECF No. 65) ("Plf. Opp.") to "strike" defendants' statement of facts should be denied. See Plf. Opp. at 7. Plaintiff provides no legal support for this request, but argues only that the statement of facts goes beyond the facts alleged in plaintiff's complaint or is, in plaintiff's view, argumentative. This is incorrect. There are no grounds to "strike" or disregard the fact section of defendants' brief because defendants' reliance on matters outside the four corners of the complaint are appropriate under the standards applicable to Fed. R. Civ. P. 12(b)(6). And to the

---

[1] Plaintiff withdrew his claims for intentional and negligent emotional distress, so those claims are not addressed here. *See* Pl. Opp. at 27.

[2] For brevity, defendants do not summarize here the other deficiencies in the FAC and/or plaintiff's opposition. Rather, defendants address them at length below.

extent plaintiff contends that defendants have mischaracterized those facts, they are free to argue the point, but that is not a reason to disregard or strike anything.

A "complaint is deemed to include any written material attached to it as an exhibit or any statements or documents incorporated in it by reference"; in addition, if a "complaint relies heavily upon [a document's] terms and effect," that document is rendered "integral" to the complaint and may be considered on a motion to dismiss. *Safran Elecs. & Def. SAS v. iXblue SAS*, 789 Fed. Appx. 266, 270 (2d. Cir. 2019) (quoting *Chambers v. Time Warner, Inc.*, 282 F. 3d 147, 152 (2d. Cir. 2002)). For example, the two § 440 decisions in plaintiff's criminal case were expressly relied upon by plaintiff in his FAC. *See* Ex. A at ¶¶ 164, 235, 242. Indeed, a large share of the factual allegations in the complaint derive from these decisions and events in plaintiff's criminal case. *See* Ex. A at ¶¶ 144 – 242. Accordingly, defendants may rely on any part of the record in plaintiff's criminal case, as established in Defendants' Memorandum of Law in Support of Their Motion to Dismiss (ECF No. __) ("Def. Mem.") at 1 n. 4; *see e.g.*, *Weaver v. City of New York*, No. 13—CV—20 (CBA) (SMG), 2014 U.S. Dist. LEXIS 32036, 2014 WL 950041, at *3 (E.D.N.Y. Mar. 11, 2014) ("A court may certainly take judicial notice of …an indictment or documents relating to the disposition of a criminal case.").

POINT II

**PLAINTIFF FAILS TO ESTABLISH A REASON TO DENY THE BCDAO DEFENDANTS ABSOLUTE IMMUNITY**

Plaintiff fails to establish a reason to deny the Bronx County District Attorney's Office defendants ("BCDAO Defendants") absolute immunity, given plaintiff's failure to plead facts showing that BCDAO Defendants were engaged in investigatory conduct not intimately involved with the judicial phase of the criminal process.

As defendants previously established (Def. Mem. at 10-11), it is well settled that "[c]onviction integrity review, by its nature, is 'intimately associated with the judicial phase of the criminal process'" and falls squarely within the scope of activities covered by absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Nowhere does plaintiff point to any good reason to distinguish this case from *Imbler*, or any contrary or limiting authority.

First, plaintiff ignores the precedent cited by defendants but relies instead on *Warney v. County of Monroe*, 587 F.3d 113, 123 (2d Cir. 2009), which in fact supports defendants' position. In *Warney*, the Second Circuit affirmed the application of absolute immunity to a claim that prosecutors failed to promptly disclose evidence during an appeal of a § 440 motion denial. *Id.* The Second Circuit held that the conduct was shielded by absolute immunity because it occurred during the judicial phase in connection with post-conviction proceedings. *Id.* This is precisely the case with the conduct ADA Defendants alleged in the FAC. In fact, much of the FAC concerns efforts to resist plaintiff's first and second § 440 motions. *See* FAC ¶¶ 144-225.

Second, plaintiff argues that the ADA Defendants' conduct was extra-judicial and part of a non-adversarial investigative review after plaintiff threatened a second § 440 review. Plf. Opp. at 11-12. But the investigation was hardly non-adversarial: plaintiff – then a convicted felon in state custody – had threatened to file a §440 motion and the defendants were considering how they would respond.

Third, plaintiff contends that the "the interests supporting absolute immunity for traditional prosecutors does not apply" in this matter. *See* Pl. Opp. at 11. But the Supreme Court in *Imbler* expressly disagreed, holding that absolute immunity for post-conviction review was necessary to avoid having potential liability discourage such review. 424 U.S. at 430.

Fourth, plaintiff argues that the conviction integrity review in *Freidman v. Rehal* was appropriate because it was conducted in response to a Second Circuit "hope" for such an investigation. *See* Pl. Opp. at 12. Plaintiff admits that the prosecutors in *Friedman* were functioning as advocates when they conducted their review, but claims that BCDAO Defendants were not, solely because a court did not "hope" for the review. That is a perverse *non sequitur*. Plaintiff would punish defendants for choosing to initiate a review on their own accord.

Lastly, plaintiff failed to address defendants' arguments for absolute immunity for the BCDAO Investigators. Instead, plaintiff relies on the inadequate arguments proffered against ADA Defendants. Therefore, this Court should grant Defendants' motion and dismiss all claims against BCDAO Defendants as protected by absolute immunity.

## POINT III

### PLAINTIFF ESTABLISHES NO REASON TO ALLOW HIS CLAIMS FOR MALICIOUS PROSECUTION TO PROCEED

Plaintiff's opposition fails to establish grounds to rebut the presumption of probable cause that flows from plaintiff's indictment.

Plaintiff's argument illustrates why the legal standard for plausible allegations rejects "labels and conclusions" and "naked assertion devoid of further factual enhancement" as sufficient to overcome speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff baldly claims that the grand jury indictment was grounded in fabricated evidence. But plaintiff's sole support for this is his entirely conclusory allegation that "the detectives were under great pressure to solve the Harris brothers' homicides." *See* Pl. Opp. at 14. This speculative assertion provides no explanation about the nature of that pressure or why it would cause detectives to frame an innocent person rather than prosecute an actual perpetrator.

Plaintiff next makes the conclusory allegation that "the detectives knew there was no probable cause to believe plaintiff had any connection with the Harris brothers' murder" and, rather than simply close the case, they opted to coerce Alrick Griffiths into framing plaintiff because they did not like him.  *Id.*  This is precisely the sort of a "naked assertion devoid of further factual enhancement" that the Supreme Court specifically rejected in *Ashcroft*.  Nowhere in plaintiff's FAC or his opposition does plaintiff provide any facts to show why Griffiths' statements alone did not support probable cause to prosecute plaintiff.  Plaintiff claims only that detectives did not like him because he allegedly refused to cooperate at some undefined prior time in some undefined prior investigation into some undefined criminal activity.  *See* Pl. Opp. at 2, 14; Ex. A at ¶¶ 71 – 74.  That hardly establishes that the detectives knew plaintiff to be innocent of the murders.  The Second Circuit has unequivocally held that mere allegations of animus against plaintiff do not rebut the presumption of probable cause.  *See* Def. Mem. at 14.  For example, in *Hadid v. City of New York*, the Second Circuit affirmed the dismissal of a malicious prosecution claim, because other than asserting a desire to harm plaintiff, the plaintiff failed to allege facts showing that "the indictment was produced by fraud, perjury, the suppression of evidence, or other bad-faith police misconduct."  730 F. App'x 68, 72 (2d Cir. 2018).  Such is the case here.

Indeed, nowhere in his FAC or opposition does plaintiff explain how or why any defendants would have had any reason to conclude that plaintiff was innocent – and the mounting testimony against him false – at any time prior to plaintiff's indictment or conviction.[3]  This glaring omission strikes at the heart of plaintiff's claim.

---

[3] Indeed, even if witnesses had testified in plaintiff's favor – and none are alleged to have done so until the recantation several years after trial of two trial witnesses – that alone would not vitiate the probable cause established by Griffith's and others' testimony against plaintiff,

-5-

Plaintiff cites *Demosthene v. City of New York*, arguing that he "is not required to prove that the defendants lied before the grand jury or in their discussions with prosecutors; instead, he need only provide sufficiently specific factual allegations regarding the nature and content of their lies in order to survive defendants' 12(b)(6) motion." Plf. Mem. 13-14 (quoting *Demosthene v. City of New York*, No. 18 Civ. 1358 (ARR)(PK), 2019 U.S. Dist. LEXIS 4901, at *13 (E.D.N.Y. Jan. 10, 2019)). But Demosthene is inapposite in this case, as plaintiff has not actually made such allegations: the FAC nowhere states that *defendants* lied to the grand jury at all, nor does it even allege the nature or content of any alleged lies by Mr. Griffiths (which are not defendants' lies in any event). Plaintiff's sole mention of the grand jury is to admit that a grand jury indicted him based on Griffith's testimony. FAC at ¶¶ 83-85.

"Where, as here, a plaintiff's only evidence to rebut the presumption of the indictment is his version of events, courts will find such evidence to be nothing more than 'mere conjecture and surmise that [the plaintiff's] indictment was procured as a result of conduct undertaken by the defendants in bad faith,' which is insufficient to rebut the presumption of probable cause.'" *Bond v. City of N.Y.*, No. 14-CV-2431 (RRM) (VVP), 2015 U.S. Dist. LEXIS 130922, at *16 (E.D.N.Y. Sep. 28, 2015) (quoting *Reid v. City of New York*, 00 Civ. 5164, 2004 U.S. Dist. LEXIS 5030, at *7 (S.D.N.Y. Mar. 29, 2004) (quoting *Savino*, 331 F.3d at 73)). Accordingly plaintiff's claims for malicious prosecution should be dismissed as a matter of law.

---

because defendants need not credit an exculpatory witness' testimony over that of any other. *See* Def. Mem. at 14-15; *see, e.g.*, *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (probable cause is not undercut by conflicting accounts of the alleged crime); *Collazo v. City of N.Y.*, 2017 U.S. Dist. LEXIS 192737, at *6 (S.D.N.Y. Nov. 20, 2017) ("It is not unreasonable for police officers to rely on the accounts provided by [complainants] even when confronted with conflicting accounts . . . ."). Even if the exculpatory witnesses supporting plaintiff's second § 440 motion vitiated probable cause – and they did not (Def. Mem. 15) – that testimony cannot work backwards in time to render plaintiff's prosecution and many prior years of incarceration wrongful.

## POINT IV

### PLAINTIFF PROVIDES NO REASOIN WHY HIS CLAIM FOR DENIAL OF A RIGHT TO FAIR TRIAL SHOULD NOT BE DISMISSED

Plaintiff's statement that "Defendants do not dispute that false information was created and forwarded to prosecutors that resulted in Plaintiff's imprisonment" is a *non sequitur*. *See* Pl. Opp. at 17. A motion under Fed. R. Civ. P. 12(b)(6) does not call for denials of facts, and in any event, there is no such concession in defendants' moving papers. What defendants' contend is that plaintiff does not allege *how* Defendants allegedly knew that any information that plaintiff *claims* was false, was *actually* false. Again, this undercuts the heart of plaintiff's claim. Plaintiff must plausibly allege, beyond mere speculation, that defendants created false information likely to influence a jury's decision that they then forwarded to prosecutors. *See* Def. Mem. at 17-18; Pl. Opp. at 17; *Debrosse v. City of New York*, 739 F. App'x 48, 51 (2d Cir. 2018). The foundational presumption of this rule is that defendants must have *actually* known that the allegedly false information was false, *before* it was allegedly created and forwarded to prosecutors. Def. Mem. 18-19 n. 14; Giglio v. United States, 405 U.S. 150, 153, 92 S. Ct. 763, 766 (1972) (constitution precludes "*deliberate deception* of a court and jurors by the presentation of *known false* evidence") (evidence added). The due process clause does not create strict liability. Plaintiff wholly ignores the FAC's fatal failure to allege facts creating a plausible inference of deliberate fabrication of known false evidence.

Instead, plaintiff's opposition argues, as he does for malicious prosecution, that defendants rely on summary judgment decisions. But the same principles apply on motions to dismiss where, as here, essential facts have not been pled. Plaintiff's continued reliance on conclusory allegations and group pleading is insufficient and the Due Process claim should be dismissed.

## POINT V

**PLAINTIFF OFFERS NO REASON WHY HIS CONSPIRACY CLAIM SHOULD NOT BE DISMISSED**

Plaintiff concedes that he must provide evidence from which one could reasonably infer that the accused parties had a "meeting of the minds," but fails to address the entire holding of *Blue v. City of New* York, w that plaintiff must provide a factual basis supporting a meeting of the minds augmented by some details of time and place. *Blue v. City of New York*, 2018 U.S. Dist. LEXIS 93509, at *26 (S.D.N.Y. June 4, 2018). No such details are provided in the FAC. In fact, the FAC fails to allege that the defendants actually discussed plaintiff's alleged involvement in the murders or a plot to frame him for them. Plaintiff merely presumes that such an alleged event took place, without offering even the slightest details. This hardly provides support for a reasonable inference that any "meeting of the minds" ever took place.

Furthermore, the conspiracy claim – as with the malicious prosecution and denial of a fair trial – rests on the presumption that defendants knew that plaintiff was innocent of murdering the Harris brothers. *See* Pl. Opp. at 22. But as set forth previously, the FAC includes no factual allegation as to *how* or *why* defendants knew that plaintiff was in fact innocent. This assumption is the cornerstone to the FAC and plaintiff has not addressed it – except by conclusory allegations – in the complaint or in his opposition to the motion. Accordingly, plaintiff's conspiracy claim should be dismissed.

## POINT VI

**PLAINTIFF FAILS TO OFFER A REASON WHY HIS MUNICIPAL LIABILITY CLAIMS SHOULD NOT BE DISMISSED**

Contrary to plaintiff's arguments, plaintiff has not stated a plausible claim for municipal liability. Of course, if there is no underlying constitutional violation, there is no municipal

liability.   But even if there were such a violation, there would be no municipal liability.

In his opposition, plaintiff principally relies on the case of *Collins v. City of New York*, 923 F. Supp. 2d 462 (E.D.N.Y. 2013).  Plaintiff's reliance on *Collins* is unavailing because it is readily distinguishes it from this case.   Unlike the FAC, the complaint in *Collins* detailed evidence available to defendants showing – prior to plaintiff's indictment – that the plaintiff was not the murderer: the lack of a stab wound described by witnesses, the failure of witnesses to identify the plaintiff in line-ups, and alibis from the plaintiff's mother and girlfriend.  *Id.* at 466.  The *Collins* complaint alleged that, despite knowing this exculpatory evidence, the police coerced a witness into making false statements implicating the plaintiff.  *Id.*   Nowhere in plaintiff's FAC does plaintiff allege that the defendants had any such exculpatory evidence before them when they took statements incriminating plaintiff from Alrick Griffiths or others..

While the *Collins*, Court found that the Mollen Commission Report – which reported on evidence of general police corruption in 1994 (not a pattern of wrongful prosecutions) – supported a *Monell* claim for the specific acts alleged in *Collins*.  923 F. Supp. 2d at 479.  But that Mollen Commission Report has been rejected by the majority of courts in this circuit as a basis for establishing a custom or policy necessary for a claim for municipal liability under Section 1983.[4]  *See Breton v. City of New York*, 404 F. Supp. 3d 799, 817 (S.D.N.Y. 2019) ("the plaintiff's reliance on the Mollen Commission Report is unavailing."); *Aguirre v. City of New York*, 2017 U.S. Dist. LEXIS 155422 at *15 (E.D.N.Y. Sep. 22, 2017) ("As other courts in the Circuit have found . . .Plaintiff's reliance on reports and articles regarding misconduct by NYPD officers are 'inadequate to allege a policy or custom of the City, let alone allege that that policy

---

[4] The same is true for plaintiff's list of other alleged misconduct.  *See, e.g., Collins,* 923 F. Supp. 2d at 479 ("[T]he litany of other police-misconduct cases are insufficient to make a plausible case for *Monell* liability.")

or custom is the one that gave rise to plaintiff's alleged violation."). Plaintiff also does not address the FAC's failure to allege *specific* defects in the City's training program. Def. Mem. at 25. Accordingly, plaintiff's *Monell* claim should be dismissed.

## POINT VII

### PLAINTIFF FAILS TO ESTABLISH WHY DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY

Plaintiff's arguments on qualified immunity – like his arguments on the merits – also fail to refer to facts showing *how* or *why* defendants knew that plaintiff was in fact innocent when they allegedly 'fabricated evidence' in the form of multiple witness statements. Without this critical link, there can be no dispute that arguable probable cause existed based on the witnesses' statements and defendants are therefore entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, defendants request that the Court dismiss the FAC in its entirety with prejudice, and for such other and further relief as the Court deems just and proper. [5]

Dated: New York, New York
March 9, 2020

JAMES E. JOHNSON
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2344/5054

By:   *Alan Scheiner* /s/
         Alan H. Scheiner

         *Frank DeLuccia* /s/
         Frank A. DeLuccia
         *Senior Counsels*

---

[5] Defendants respectfully refer the Court to their moving memorandum with respect to any of plaintiff's arguments not addressed herein.

-10-